To the Honorable Members of the Senate of Alabama
State Capitol
Montgomery, Alabama
Dear Sirs and Mesdames:
We are in receipt of Senate Resolution 11, which reads:
“SR 11 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO S.J.R. 7 AND S.B. 5.
“BE IT RESOLVED BY THE SENATE OF THE ALABAMA LEGISLATURE, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending resolution S.J.R. 7 and the pending bill S.B. 5, copies of which are attached to this resolution and made a part hereof by reference:
“There is pending before the Alabama Legislature the bill S.B. 5 and the resolution S.J.R. 7 which designates, beginning in 1986, the former Highway Department Building as the meeting place of the Alabama Legislature. Said designated meeting place is located within the City of Montgomery, the seat of government of the State of Alabama. Does S.B. 5 or S.J.R. 7, changing the meeting place of the Alabama Legislature, violate Section 48, Section 58, Section 78, Section 122, Amendment 39, Amendment 57 or Amendment 427 of the Alabama Constitution?
“RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send sufficient true copies of the pending resolution S.J.R. 7 and pending bill S.B. 5, to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.”
“SJR 7 PROVIDING FOR THE ALABAMA STATE HOUSE AND DESIGNATING SAME AS THE PLACE OF MEETING OF THE ALABAMA LEGISLATURE.
“WHEREAS, that certain State of Alabama building located at the Alabama seat of government in Montgomery, Alabama, and bounded by Pelham Street on the North, Jackson Street on the East, Union Street on the West and Washington Street on the South, and formerly occupied by the Alabama State Highway Department, will be ready for occupancy by the Alabama State Legislature at the 1986 Regular Session of the Legislature; and
*612 “WHEREAS, the building will be occupied by the Executive Department of government as well as the Legislative Department of government; and
“WHEREAS, it is of prime importance that the legislative area of the building be designated for occupancy at the earliest possible moment; now therefore,
“BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That pending further legislative action, that certain building located at the Alabama seat of government in Montgomery, Alabama, bounded by Pelham Street on the North, Jackson Street on the East, Union Street on the West and Washington Street on the South, formerly occupied by the Alabama State Highway Department and formerly designated as the Alabama Highway Department Building, is hereby designated as the Alabama State House and beginning with the regular session of the Alabama Legislature in 1986, the Senate and House of Representatives will occupy the fifth, sixth and seventh floors of said building and any portion of the fourth floor of said building as may be necessary for the transaction of any official legislative business.
“RESOLVED FURTHER, That the fifth floor of the said building is hereby designated as the place of meeting of the Alabama House of Representatives and the seventh floor is designated as the place of meeting for the Senate of the State of Alabama.”
“S. 5
By Senator Foshee
RFD — B & G
RD 1-8-28-85
“SYNOPSIS; This bill designates the. place of meeting of the House of Representatives and the Senate of the Alabama Legislature within the seat of government, Montgomery, Alabama.
“A BILL
TO BE ENTITLED
AN ACT
“To designate the place of meeting of the House of Representatives and the Senate of the Alabama Legislature within the seat of government, Montgomery, Alabama.
BE IT ENACTED BY THE LEGISLATURE OF ALABAMA;
“Section 1. Pending further legislative action, that certain building located at the Alabama seat of government in Montgomery, Alabama, bounded by Pel-ham Street on the North, Jackson Street on the East, Union Street on the West and Washington Street on the South, formerly occupied by the Alabama State Highway Department and formerly designated as the Alabama Highway Department Building, is hereby designated as the Alabama State House and beginning with the regular session of the Alabama Legislature in 1986, the Senate and House of Representatives will occupy the fifth, sixth and seventh floors of said building and any portion of the fourth floor of said building as may be necessary for the transaction of any official legislative business.
“Section 2. The fifth floor of the said building is hereby designated as the place of meeting of the Alabama House of Representatives and the seventh floor is designated as the place of meeting for the Senate of the State of Alabama.
“Section 3. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 4. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Our opinion is that neither S.B. 5 nor S.J.R. 7 violates any of the provisions of the Constitution referred to in S.R. 11; in fact, Amendment 427 to the Constitution of Alabama, 1901, specifically provides that “[i]n the event the legislature determines it *613 to be necessary or desirable that the capitol be repaired, renovated, restored, constructed or reconstructed,” that the legislature can designate and provide a suitable place for transacting the business of the legislature; therefore, the answer to your question is in the negative.
As you indicate in your Resolution, the “seat of government” is in Montgomery, the City of Montgomery having been selected by action of the Legislature of Alabama in 1845 and 1846.[1]
The seat of the government has remained in Montgomery since that time.[2] Section 78 of the Constitution provides that:
“No act of the legislature changing the seat of government of the state shall become a law until the same shall have been submitted to the qualified electors of the state at a general election, and approved by a majority of such electors voting on the same; and such act shall specify the proposed new location.” (Emphasis added.)
Of course, Section 78 is a limitation on the plenary power of the Legislature to remove the “seat of government,” located in Montgomery at the time of the adoption by the people of the 1901 Constitution, to another place, and the Governor is not authorized to convene you in extraordinary session, as is the case now, “at a different place” than at the “seat of government,” with certain specified exceptions. Section 122, dealing with extraordinary sessions, provides:
“The governor may, by proclamation, on extraordinary occasions, convene the legislature at the seat of government, or at a different place if, since their last adjournment, that shall have become dangerous from an enemy, insurrection, or other lawless outbreak, or from any infectious or contagious disease; and he shall state specifically in such proclamation each matter concerning which the action of that body is deemed necessary.”
Because, as you state in your request, “the former Highway Department Building ... is located within the city of Montgom *614 ery, the seat of government of the State of Alabama,” we are of the opinion that the Legislature, in the exercise of its plenary-power, can designate “the former Highway Department Building” as its meeting place. There is a constitutional limitation in Section 58 relating to adjournment or change of place of meeting by one house without the consent of the other, but we do not see this as a limitation on your selection of a “place” to meet within the “seat of government.”
We call your attention to the provisions of Act No. 84-49, Acts, 1984, pp. 56-57, wherein the Legislature has already adopted a resolution specifying the place of meeting while the capítol is being restored.
Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
RICHARD L. JONES
RENEAU P. ALMON
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Justices

. At the session of the Legislature in 1844-45, that body passed an act submitting to the people propositions for two amendments to the State Constitution. The first was to substitute biennial for annual sessions of the Legislature, and the other was for the removal of the seat of the government from Tuscaloosa (Tuskaloosa) to such point as the Legislature might select. Joint resolutions, approved Janpary 24, 1845, Acts of Alabama, pp. 208, 209; Constitution of Alabama, 1819, § 29, Article III, as amended by Amendment 2, “adopted 1846.” Code of Alabama, 1852, Ormond, Bagby, Goldthwaite, Sem-ple, p. 48.
On January 21 and February 4, 1846, as a result of the adoption of the amendment favoring removal of the seat of government, Acts No. 24 and 25, Acts of Alabama 1846, pp. 28-29, were adopted.
In compliance with the provisions of Acts No. 24 and 25, the Senate and House met in the hall of the House for the purpose of making the selection. "The following is a list of cities and towns placed in nomination for the seat of government: Tuskaloosa, Wetumpka, Mobile, Montgomery, Statesville, Selma, Marion and Huntsville.
"On the first ballot the vote stood: For Tuska-loosa, 39; Wetumpka, 28; Mobile, 6; Montgomery, 33; Statesville, 2; Selma, 9; Marion, 4, and for Huntsville 6.
"Those who voted for Montgomery on the first ballot were: Messrs. Gilchrist, Hardaway, Kendrick, McClung, Oliver, Scott, Shorter and Ward of the Senate; and Messrs. Barnett, Bates, Bibb, Billingslea, Cooper, Cook, Ellsberry, Grady, Hobdy, Judge, Long, McGriff, Merrick, Robertson, Sanford, Shanks, Snowden, Stallworth, Stringer, Tarver, Taylor of Butler, Warren of Coffee, Watts, Williams of Henry, and J. Williams of Jackson.
"The law required that it should take a majority of all the votes cast to select, and no place having received a majority, the joint session proceeded to ballot again. The ballot was kept up with varying changes until sixteen ballots had been taken when Montgomery received 68 votes, a majority of all the votes cast, and the Speaker of the House declared that Montgomery had been duly and constitutionally selected the seat of government of the State of Alabama.” Alabama State Capitol, An Historical Sketch, by James B. Simpson, p. 9 (1898).
See Alabama House Journal, Dec. 1, 1845, -Feb. 5, 1846, 27th Session, pp. 368-379.

. The first Montgomery capitol was destroyed by fire, and the Legislature met in temporary quarters in the City of Montgomery. See Alabama State Capitol, An Historical Sketch, by James B. Simpson, pp. 14-15 (1898).